UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| OMAR SANTA-PEREZ,<br>Plaintiff,<br><br>vs.<br><br>NBC UNIVERSAL, INC., et al.,<br>Defendants. | Case No. 1:18-cv-059<br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Plaintiff Omar Santa-Perez originally filed the pro se complaint in this matter in the Hamilton County, Ohio Court of Common Pleas on December 22, 2017. (Doc. 1, Exh. 2). Defendants NBC Universal, Inc. and TD Ameritrade Holding Corporation removed the action to this Court on January 26, 2018. (*Id.*). Defendants filed motions to dismiss the complaint on February 1, 2018 (Doc. 5) and February 2, 2018 (Doc. 7). The Court sent plaintiff a notice on each date advising him that a motion to dismiss had been filed and that failure to file a response to the motion within 21 days from the date of service set forth in the certificate of service attached to the motion may warrant dismissal of the case under Fed. R. Civ. P. 41(b) for failure to prosecute. (Docs. 6, 9). The notices were returned to the Court as undeliverable. (Doc. 11).

On March 1, 2018, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 12). The Order notified plaintiff that failure to comply with the terms of the Order would result in a recommendation to the District Judge that this action be dismissed. Plaintiff subsequently contacted the Clerk of Court on March 22, 2018 to inquire about the status of the case, and he informed the Clerk that he would send a notice of change of address. (*See* March 22, 2018 docket notation). The Clerk mailed copies of defendants' motions to dismiss

(Docs. 5, 7) and the Court's Order to Show Cause (Doc. 12) to plaintiff on that same date. (*Id.*). Plaintiff filed a notice of change of address with the Court on March 26, 2018. (Doc. 13). Plaintiff has not filed any documents with the Court since that date. Plaintiff has not filed a response to the motions to dismiss filed on February 1 and 2, 2018. (Docs. 5, 7). Plaintiff also has not responded to the Order to Show Cause issued on March 1, 2018. (Doc. 12). Nearly three months have elapsed since defendants filed their motions to dismiss and more than 21 days have passed since March 22, 2018, the date plaintiff contacted the Clerk and copies of the motions to dismiss and the Court's Order to Show Cause were mailed to him.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962)). Plaintiff's failure to respond to defendants' motions to dismiss and to the Order to Show Cause warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Date: 4/23/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

OMAR SANTA-PEREZ,
Plaintiff,

vs.

NBC UNIVERSAL, INC., et al.,
Defendants.

Case No. 1:18-cv-059
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).